UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

PENNY LAWYER,

      Plaintiff,                            DEMAND FOR JURY TRIAL

-vs-                                            Case No.
                                              Hon.

MIDWEST RECOVERY GROUP, LLC,

      Defendant.

## COMPLAINT & JURY DEMAND

NB:        There was a companion case to the above-captioned lawsuit titled *Midwest Recovery Group v. Lawyer*, State of Michigan, 21st District Court Case No. 10-0841-GC. That case is no longer pending.

### Jurisdiction

1. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit resides in Garden City, Michigan in Wayne County.

4. Midwest Recovery Group, LLC, ("MRGLLC") is a corporation doing business in Michigan.

### Venue

5. The transactions and occurrences which give rise to this action occurred in Wayne County.

6. Venue is proper in the Eastern District of Michigan.

### General Allegations

7. MRGLLC sued Ms. Lawyer, in the State of Michigan, 21st District Court Case No. 10-0841-GC ("the collection lawsuit") in an attempt to collect a debt from Ms. Lawyer which she did not owe.

8. During the collection lawsuit, Ms. Lawyer, a pro se litigant, served discovery requests upon MRGLLC.

9. On or about December 20, 2010, MRGLLC responded to these discovery requests by producing documents that clearly showed that the alleged debt MRGLLC was trying to collect was not owed by Ms. Lawyer, but rather was owed by another individual.

10. On or about December 20, 2010, MRGLLC had actual notice that Ms. Lawyer did not owe the debt it was attempting to collect.

11. In spite of actual knowledge that Ms. Lawyer did not owe the debt MRGLLC was suing her over, MRGLLC maintained the collection lawsuit for another three months.

12. On or about January 20, 2010, MRGLLC filed with the court and served Ms. Lawyer with requests for admission demanding that she admit statements that were false.

13. On or about January 20, 2010, MRGLLC filed with the court and served Ms. Lawyer with requests for admission demanding that she admit to a debt she didn't owe.

14. On or about January 20, 2010, MRGLLC filed with the court and served Ms. Lawyer with requests for admission demanding that she admit to receiving statements which she never received.

### COUNT I – Fair Debt Collection Practices Act (MRGLLC)

15. Ms. Lawyer incorporates the preceding allegations by reference.

16. At all relevant times MRGLLC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. MRGLLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. MRGLLC 's foregoing acts in attempting to collect this alleged debt against Ms. Lawyer constitute violations of the FDCPA.

19. Ms. Lawyer has suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code (MRGLLC)

20. Ms. Lawyer incorporates the preceding allegations by reference.

21. MRGLLC is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

22. Ms. Lawyer is a debtor as that term is defined in M.C.L. § 339.901(f).

23. MRGLLC 's foregoing acts in attempting to collect this alleged debt against Ms. Lawyer constitute violations of the Occupational Code.

24. Ms. Lawyer has suffered damages as a result of these violations of the Michigan Occupational Code.

## Demand for Jury Trial

25.   Plaintiff demands trial by jury in this action.

## Demand for Judgment for Relief

*ACCORDINGLY, Ms. Lawyer requests that the Court:*

a.   *Assume jurisdiction over all claims;.*

b.   *Award actual damages.*

c.   *Award statutory damages.*

d.   *Award punitive damages.*

e.   *Award statutory costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

    By:    s/ Adam G. Taub
        Adam G. Taub (P48703)
        Attorney for Penny Lawyer
        18930 West 10 Mile Rd. Suite 2500
        Southfield, MI 48075
        Phone:  (248) 746-3790
        Email:   adamgtaub@clgplc.net

Dated:  May 25, 2011